IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN T. TOWNSEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| JASON JIMMERSON, | ) | |
| MARK MASKAS, and | ) | JURY DEMANDED |
| ELLEN SPAULDING, | ) | |
| | ) | |
| Defendants. | ) | |

## *BIVENS* COMPLAINT AT LAW

NOW COMES the Plaintiff, SHAWN T. TOWNSEL, by and through LAW FIRM OF DAVID G. SIGALE, P.C., his attorney, and for his *Bivens* Complaint against the Defendants, JASON JIMMERSON, MARK MASKAS and ELLEN SPAULDING, states and alleges as follows:

### INTRODUCTION

1. This action is brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), 42 U.S.C. § 1983, and 28 U.S.C. § 1331 to redress the deprivation under color of federal law of Townsel's Fourth Amendment rights as secured by the United States Constitution by Jimmerson and Maskas, who at all relevant times were agents of the United States Postal Service Office of Inspector General ("OIG"), and Spaulding, who at all relevant times was an employee of the United States Postal Service ("USPS").

2. Specifically, as a result of federal officer/employee misconduct and

1

abuse more fully described below, Townsel was unlawfully detained and submitted to unreasonable search and seizure, and excessive force, causing him to suffer physical and other injuries.

3. On November 24, 2013, after being falsely accused of making threats in a vindictive plan of defamation by co-workers to retaliate for Townsel's unwillingness to socialize with said co-corkers outside of work, Plaintiff Townsel was arrested, placed into handcuffs, repeatedly searched in person and property, shackled, detained and lengthily confined by Jimmerson, Maskas, and Spaulding.

## JURISDICTION & VENUE

4. The jurisdiction of the court is invoked pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); 28 U.S.C. §§ 1331, 1343(a) and 1346(b)(1); and the Constitution of the United States. Venue is founded in this judicial Court pursuant to 28 U.S.C. § 1391, as the acts complained of occurred in this District.

## PARTIES

5. Plaintiff Townsel is a natural person who resides in the City of Richton Park, County of Cook, State of Illinois. He was harmed by the Defendants in Cook County, Illinois.

6. At all relevant times, Townsel was an employee of the United States Postal Service, at the branch located at 11560 Irving Park Road, Chicago, Illinois, otherwise known as the O'Hare International Airport Mail Facility.

7. Defendant Jimmerson is believed at all relevant times to have been an agent of the United States Postal Service Office of Inspector General. He harmed Townsel in the City of Chicago, County of Cook at all times relevant to this Complaint. He is sued in his individual capacity.

8. Defendant Maskas is believed at all relevant times to have been an agent of the United States Postal Service Office of Inspector General. He harmed Townsel in the City of Chicago, County of Cook at all times relevant to this Complaint. He is sued in his individual capacity.

9. Defendant Spaulding is believed at all relevant times to have been as a Section Manager by the United States Postal Service, at the branch located at 11560 Irving Park Road, Chicago, Illinois, otherwise known as the O'Hare International Airport Mail Facility. She harmed Townsel in the City of Chicago, County of Cook at all times relevant to this Complaint. She is sued in her individual capacity.

## FACTS

10. On November 24, 2013, Townsel showed up for his regularly-scheduled shift at the United States Postal Service ("USPS"), where he worked as a mail sorter and organizer.

11. Unbeknownst to Townsel, on November 22, 2013, three other employees of USPS, Charlotta Randle, Allisa Fells and Crystal Rankin, angry that Townsel did not wish to socialize with them outside of work, entered into an

agreement to get revenge on Townsel by lying about him to their superiors at the USPS.

12. On or about November 23, 2013, Randle, Fells and Rankin falsely told their USPS superior or superiors that Townsel had threatened a co-worker with a firearm, and also falsely stated Townsel had threatened them.

13. As a result of the co-workers' false statements, upon arriving at work on November 24, 2013, Townsel was called into his Section Manager Spaulding's office, was falsely accused of threats and violence, was searched personally, and then told to leave. First, though, Jimmerson and Maskas searched Townsel's locker and jacket.

14. Jimmerson and Maskas then seized Townsel's car keys. The Defendants took Townsel from the North Building to the South Building and confined him in the break room while Maskas left, supposedly to go search Townsel's car. Sometime later, Maskas came back, said they were all going to the North Building employee parking lot.

15. Townsel was handcuffed and put in Maskas's car. They drove to Townsel's car, which Jimmerson and Maskas searched without Townsel's consent while Spaulding was present and watched. During the search, an unloaded and cased handgun, and a box of ammunition was found in the wheel well. At all relevant times, Townsel had a valid FOID card, and these events took place after the District Court of Colorado struck down the ban on firearms in post office parking lots in *Bonidy v. United States*.

16. Townsel was then read his rights, put in a cell in a different building, and denied Union representation. After an hour, Ellen Spaulding came and asked him to complete and sign an unknown form. Townsel said no and demanded a Union Representative, which Spaulding denied, telling Jimmerson and Maskas "take his ass away to the Postal Inspector."

17. Townsel was taken to a federal holding facility on Chicago's west side. He was still handcuffed, but he was also shackled. While escorting Townsel into the holding facility, Jimmerson and Maskas cursed Townsel and physically assaulted him. Townsel was then chained to a wall and bench in a cell for the next six hours.

18. After six hours, the Chief of the facility came in, had Townsel searched again, and released him without any charges. Townsel was put in restraints and taken back to his Irving Park Road postal facility.

19. Though the Facility Chief said Townsel could retrieve his firearm in three days, Maskas said he was keeping it "as evidence," which he did for approximately eight months.

20. Once there, four other Postal Inspectors detained Townsel for fifteen minutes before releasing him.

21. Since that date, Townsel has been placed on unpaid emergency leave at the USPS. His car was damaged and Townsel suffered physical, emotional, and constitutional injuries.

## COUNT I – *BIVENS* CLAIM FOR UNREASONABLE SEIZURE AND EXCESSIVE FORCE (U.S. CONST. AMEND. IV)

22. Townsel incorporates and realleges the allegations of Paragraphs 1 through 21 of this Complaint, inclusive, as if fully restated herein.

23. The acts of Defendants Jimmerson and Maskas in applying unreasonable physical force to TOWNSEL's person, violated TOWNSEL's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures, and his right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983.

24. Jimmerson, Maskas and Spaulding, under color of federal law, intended to, and did deprive Townsel of the Fourth Amendment rights to which he was entitled; when Jimmerson, Maskas and Spaulding wrongfully handcuffed, shackled, detained, lengthily confined, and, without a warrant or exigent circumstance, falsely imprisoned TOWNSEL.

25. Jimmerson, Maskas and Spaulding intended a physical or mental effect on Townsel.

26. Jimmerson, Maskas and Spaulding intended to confine Townsel.

27. Townsel was confined by Jimmerson, Maskas and Spaulding when they denied Townsel an opportunity to leave.

28. Townsel was not free to leave, and could not leave.

29. Further, a reasonable person in Townsel's position would not have felt

free to leave.

30. Townsel did not consent to the confinement.

31. Jimmerson, Maskas and Spaulding harmed Townsel and that harm included Townsel's physical injuries, mental stress, and pain and suffering.

32. Jimmerson, Maskas and Spaulding were and are the proximate cause of Townsel's harm.

33. The actions and/or inactions of Defendants Jimmerson, Maskas and Spaulding were the direct and proximate cause of the violations of Townsel's Fourth Amendment rights, his injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, the Plaintiff, SHAWN T. TOWNSEL, pursuant to 42 U.S.C. § 1983, requests this Honorable Court to enter judgment against the Defendants, JASON JIMMERSON, MARK MASKAS, and ELLEN SPAULDING, and to award TOWNSEL actual or compensatory damages against JIMMERSON, MASKAS, and SPAULDING, and because they acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, plus attorney's fees pursuant to 42 U.S.C. § 1988, and such other and additional relief as this Court deems just and proper.

## COUNT II - *BIVENS* CLAIM FOR FALSE DETENTION
## (U.S. CONST. AMEND. IV)

34. Townsel incorporates and realleges the allegations of Paragraphs 1 through 21 of this Complaint, inclusive, as if fully restated herein.

35. Jimmerson, Maskas and Spaulding, under color of federal law,

intended to, and did deprive Townsel of the Fourth Amendment rights to which he was entitled; when Jimmerson, Maskas and Spaulding wrongfully handcuffed, shackled, detained, lengthily confined, and, without a warrant or exigent circumstance, falsely imprisoned Townsel.

36. Jimmerson, Maskas, and Spaulding intended a physical or mental effect on Townsel.

37. Jimmerson, Maskas, and Spaulding intended to confine Townsel.

38. Townsel was confined by Jimmerson, Maskas, and Spaulding when they denied Townsel an opportunity to leave.

39. Townsel was not free to leave, and could not leave.

40. Further, a reasonable person in Townsel's position would not have felt free to leave.

41. Townsel did not consent to the confinement.

42. Jimmerson, Maskas, and Spaulding harmed Townsel and that harm included Townsel's physical injuries, mental stress, and pain and suffering.

43. Jimmerson, Maskas, and Spaulding were and are the proximate cause of Townsel's harm.

WHEREFORE, the Plaintiff, SHAWN T. TOWNSEL, pursuant to 28 U.S.C. § 1331, requests this Honorable Court to enter judgment against the Defendants, JASON JIMMERSON, MARK MASKAS, and ELLEN SPAULDING, and to award TOWNSEL actual or compensatory damages against JIMMERSON, MASKAS and SPAULDING, and because they acted maliciously, wantonly, or oppressively,

punitive damages, plus the costs of this action, plus attorney's fees pursuant to 42 U.S.C. § 1988, and such other and additional relief as this Court deems just and proper.

## COUNT III - *BIVENS* CLAIM FOR UNREASONABLE SEARCH (U.S. CONST. AMEND. IV)

44. Townsel incorporates and realleges the allegations of Paragraphs 1 through 21 of this Complaint, inclusive, as if fully restated herein.

45. The acts of Defendants Jimmerson, Maskas, and Spaulding in applying unreasonable searches to Townsel's person and vehicle, violated Townsel's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches, and his right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983.

46. The actions and/or inactions of Defendants Jimmerson, Maskas and Spaulding was the direct and proximate cause of the violations of Townsel's Fourth Amendment rights, his injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, the Plaintiff, SHAWN T. TOWNSEL, pursuant to 42 U.S.C. § 1983, requests this Honorable Court to enter judgment against the Defendants, JASON JIMMERSON, MARK MASKAS, and ELLEN SPAULDING, and to award TOWNSEL actual or compensatory damages against JIMMERSON, MASKAS, and SPAULDING, and because they acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, plus attorney's fees pursuant to 42

U.S.C. § 1988, and such other and additional relief as this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY PURSUANT TO F.R.CIV.P. 38(b).**

Dated: November 15, 2015 Respectfully submitted,

      /s/ David G. Sigale
      Attorney for Plaintiff

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com